UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUSTIN SMITH,<br><br>*Plaintiff,*<br><br>-against-<br><br>CARCO GROUP, INC. d/b/a DRIVER IQ,<br><br>*Defendant.* | **Case No. 2:23-cv-05777**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**PRELIMINARY STATEMENT**

1. This is an action for damages brought by an individual consumer against the Defendant Carco Group, Inc. d/b/a Driver IQ (hereafter "Driver IQ") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

2. Defendant Driver IQ is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

3. The FCRA was enacted to "insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff Dustin Smith is an adult individual who resides in the State of Florida.

7. Defendant Driver IQ is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decision-making intelligence. Driver IQ regularly conducts business in the Eastern District of New York and has a principal place of business located at 5000 Corporate Court, #203, Holtsville, NY 11742.

## FACTUAL ALLEGATIONS

8. In or around February 2023, Plaintiff applied for employment with Schneider Trucking ("Schneider").

9. As part of his job application, Plaintiff signed a document purportedly authorizing Schneider to obtain a consumer report for employment purposes.

10. Schneider contracts with Defendant to supply "consumer reports" as defined by 15 U.S.C. § 1681a(d) for employment purposes.

11. The consumer report supplied by Defendant contained information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Schneider.

12. Defendant has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff to third parties ("inaccurate information").

13. The inaccurate information includes, but is not limited to, a misdemeanor "Operate Vehicle Intoxicated – Impaired" conviction.

14. The inaccurate information grossly disparages the Plaintiff and portrays him as a criminal and a felon, which he is not. There is perhaps no greater error that a consumer reporting agency can make.

15. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.

16. In fact, Defendant mixed the file of another consumer with that of Plaintiff. Even a rudimentary review of the criminal records would show that they do not belong to Plaintiff.

17. Despite the glaring inconsistencies stated above, Defendant sold Plaintiff's prospective employer a consumer report that contained the inaccurate information.

18. Plaintiff was subsequently denied employment at Schneider, and Plaintiff was informed by Schneider that the basis for this denial and suspension was the inclusion of the inaccurate criminal information on the consumer report prepared by Defendant, that the inaccurate information was the sole factor for the denial.

19. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## CLAIMS

## COUNT ONE – VIOLATION OF THE FCRA

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

24. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25. At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

26. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency pursuant to 15 U.S.C. § 1681e(b).

27. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

28. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Statutory damages;

(b) Actual damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Dated: July 31, 2023

Respectfully submitted,

***/s/ Adam G. Singer***
Adam G. Singer
**LAW OFFICE OF ADAM G. SINGER, PLLC**
One Grand Central Place
60 E. 42nd Street, Suite 4600
New York, NY 10165
asinger@adamsingerlaw.com
212.842.2428

*Counsel for Plaintiff Dustin Smith*